UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 19-24157-Civ-COOKE/GOODMAN**

MANUEL PEREZ, *individually and
on behalf of all others similarly situated*,

    Plaintiff,

vs.

GOLDEN TRUST INSURANCE, INC.,
*a Florida corporation*,

    Defendant.

_____/

THIS MATTER is before the Court on Defendant Golden Trust Insurance Inc.'s ("Golden Trust") Motion to Dismiss (ECF No. 5), filed on October 28, 2019. On November 11, 2019, Plaintiff filed a response in opposition to the Motion. ECF No. 6. For the reasons discussed below, the complaint is **DISMISSED** *without prejudice* for lack of jurisdiction.

## BACKGROUND

On October 9, 2019, Plaintiff initiated this putative class action against Golden Trust, alleging it sent telemarketing text messages to his cell phone using an automatic telephone dialing system ("ATDS) in violation of the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges Golden Trust sent a total of two text messages to his cell phone. ECF No. 1 at 5. The first text message, sent on September 10, 2019, read: "Agents Get ready for AEP, Contract with Ambetter & Oscar Today, High Commission, E & O Call or Reply 3058350499 or 7866831523 Stop = End." *Id.* at 6. The second text message, sent on September 13, 2019, read: "Health Insurance Agents Get ready to sell AEP2020 Contract with Ambetter & Oscar Today High Commissions, Call or Reply 3057498211 or 7866831523 Stop = End." *Id.* Plaintiff submits he never provided Golden trust his express written consent to be contacted using an ATDS. *Id.* at 7.

Golden Trust argues this Court should dismiss the complaint because Plaintiff has not properly alleged that it used an ATDS. *See* ECF No. 5. Before we can address Golden Trust's argument, this Court must determine whether it has subject matter jurisdiction. Because

Plaintiff has failed to allege standing, the Court lacks subject matter jurisdiction and will dismiss the complaint without prejudice.

## DISCUSSION

The Court is required to carefully examine its jurisdiction over a case, and where proper, dismiss the case *sua sponte* for lack of subject-matter jurisdiction. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 305 (2006) ("[S]ubject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection"). To invoke this Court's jurisdiction, the Plaintiff must establish that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549.

Plaintiff has failed to establish standing to bring a cause of action under the TCPA because he has not shown he suffered an injury in fact. In *Salcedo v. Hanna*, the plaintiff alleged he received one unsolicited text message, which caused him to waste his time addressing the message, made both the plaintiff and his phone "unavailable for otherwise legitimate pursuits," and invaded his privacy and "right to enjoy the full utility of his cellular device." *Salcedo v. Hanna*, 936 F.3d 1162, 1167 (11th Cir. 2019) (internal quotation marks omitted). The Eleventh Circuit held the plaintiff lacked standing to file suit under the TCPA because his allegations of harm related to the text message did not establish a concrete injury in fact. *Id.* at 1172.

The holding in *Salcedo* specifically addresses the harm allegedly caused by one text message and "leaves unaddressed whether a plaintiff who alleged that he had received multiple unwanted and unsolicited text messages may have standing to sue under the TCPA." *Salcedo v. Hanna*, 936 F.3d at 1174 (J. Pryor, concurring). However, the rationale for finding a lack of a concrete injury from one text message applies equally here, where the Plaintiff alleges he received two text messages over the course of four days. ECF No. 1 at 5-6.

Plaintiff submits he was injured by wasting 60 seconds of his time reviewing the messages, causing aggravation and intrusion, wasting "7 minutes researching Defendant and the source of the messages on the internet," and wasting "5 minutes locating and retaining counsel for this case in order to stop Defendant's unwanted calls." *Id.* at 10.

The Court finds these allegations of intangible injuries are "qualitatively different" from those in cases where the Eleventh Circuit has found there was standing to bring a cause of action under the TCPA. *See Salcedo v. Hanna*, 936 F.3d at 1167. Plaintiff alleges generally that the text messages "interrupted business calls." ECF No. 1 at 10. However, unlike a fax machine, for example, "a cell phone user can continue to use all of the device's functions, including receiving other messages, while it is receiving a text message." *Salcedo v. Hanna*, 936 F.3d at 1168. In total, the two text messages contained fifty words for the Plaintiff to read. ECF No. 1 at 6. Like the harm alleged in *Salcedo*, the alleged injury here is "isolated, momentary, and ephemeral." *Salcedo v. Hanna*, 936 F.3d at 1171.

Accordingly, following the Eleventh Circuit's decision in *Salcedo v. Hanna*, Court finds the Plaintiff has failed to establish he has standing to bring this cause of action. As the Court lacks subject matter jurisdiction, it must dismiss the complaint.

## CONCLUSION

For the foregoing reasons, the Complaint (ECF No. 1) is **DISMISSED** *without prejudice* for lack of subject matter jurisdiction. All pending motions are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 6th day of July 2020.

*[signature: Marcia G. Cooke]*

MARCIA G. COOKE
United States District Judge

Copies provided to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of Record*

3